IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LENROY MCLEAN, | § | |
|    #61524-054, | § | |
|       PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-1750-G-BK |
| | § | |
| C. RIVERS, WARDEN, | § | |
|       RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Lenroy McLean's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be **DENIED**.

**I. BACKGROUND**

On August 2, 2023, McLean, a federal prisoner at FCI Seagoville, filed this § 2241 petition seeking immediate release. Doc. 3 at 2. He states that he is entitled to First Step Act ("FSA") time credits or a "Second Chance Act recommendation." Doc. 3 at 2. In his sole ground for relief, McLean alleges that "Respondent refuses to submit [him] for prerelease custody." Doc. 3 at 5. He maintains that the Bureau of Prisons (BOP) has the authority under the Second Chance Act to "plac[e] the Petitioner in a residential reentry center or home confinement for up to the final 12 months of his sentence, rather than the final six months" and that "such would allow the Petitioner to adjust[] to society [since he has] been [in] incarceration for approximately 16 yrs." Doc. 3 at 5.

Respondent appears to interpret the § 2241 petition to challenge only McLean's eligibility to earn FSA time credit and fails to address his argument under the Second Chance Act. Doc. 8 at 1. Respondent concludes that McLean has received all FSA time credits (365 days) and that they have been applied to his sentence, resulting in a projected release date of April 17, 2024. Doc. 8 at 2; Doc. 9 at 4. Because he cannot obtain other relief, Respondent thus argues that McLean's petition is moot. Doc. 8 at 2.

In his reply, McLean moves for sanctions. Doc. 10; Doc. 11. He contends Respondent's argument is frivolous. In the court-ordered sur-reply, however, Respondent repeats that the petition is moot because (1) McLean is earning 365 days of FSA time credits, (2) those credits have been applied to his sentence, and (3) his projected release date is April 17, 2024. Doc. 14 at 1-2.

In his sur-reply, McLean concedes that he received 365 days of federal time credit (FTC) but not the other "195 days FTCs towards both my early transfer to supervised release date and early transfer to prerelease custody [which allegedly have] been ignored by the Respondent." Doc. 18 at 2. He avers: "Respondent gave no explanation to the court of his decision not to process Petitioner for" the addition 195 days credit and "totally undermined his obligation of the Second Chance Act . . . to review Petitioner for prerelease RRC placements some 17 to 19 months before his protected [sic] release date . . . ." Doc. 18 at 3. Further, McLean states that "[t]he FSA credits in question are not been [sic] used to advance [his] date (April 17, 2024) that will place [him] into 'pre-release custody' (including home confinement or residential reentry facilities) and/or accelerate the date when the Petitioner will leave BOP custody to start a term of court imposed supervised released.'" Doc. 18 at 1.

Upon review, the Court concludes that McLean is statutorily ineligible for relief in this case. Therefore, his petition should be denied.

## II. ANALYSIS

As noted, McLean concedes that he received 365 days of FSA time credits and that his projected release date is now April 17, 2024. So the only remaining issues are his claims under 18 U.S.C. § 3624(g)(3) and the Second Chance Act—specifically whether McLean is entitled to additional time in a Residential Reentry Center (RRC) or halfway house. Both claims are untenable, however.

### A. 18 U.S.C. § 3624(g)(3)

The First Step Act grants discretion to the BOP to determine the placement of inmates who have earned enough time credits to receive a sentence reduction. 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in *prerelease custody or supervised release.*" (emphasis added)); *see Girven v. Smith*, No. 4:23-CV-859-P, 2023 WL 8606807, at *1 (N.D. Tex., Fort Worth Div., Dec. 12, 2023) (summarizing First Step Act time credits for evidence-based recidivism reduction programming). Prerelease custody includes both home confinement and placement at a residential reentry center. 18 U.S.C. § 3624(g)(2). Further, the BOP cannot grant an inmate more than twelve months of supervised release as a sentence reduction for earned time credits under the First Step Act. 18 U.S.C § 3624(g)(3); *see Maldonado v. Martinez*, No. 2:23-CV-00983, 2023 WL 8270640, at *1 (W.D. La. Nov. 6, 2023) (same)), *recm. adopted*, No. 2:23-CV-00983, 2023 WL 8264495 (W.D. La. Nov. 29, 2023); *see also Davis v. Rardin*, No. 22-CV-2854, 2024 WL 209172, at *5-6 (D. Minn. Jan. 19, 2024) ("[T]his construction 'aligns with the applicable regulation,' which permits FTCs

to be applied toward early transfer to supervised release, not to shortening of supervised release. And finally, allowing FTCs to reduce a term of supervised release would contravene the purpose of supervised release, which 'serves rehabilitative ends distinct from those served by incarceration.'" (collecting cases)).

The 365 days of time credit that McLean received is the maximum amount of time credit an inmate may receive towards early supervised release. *See* 18 U.S.C. § 3624(g)(3) ("[T]he Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632."). To the extent that McLean argues he is entitled to other credits toward supervised release, he is mistaken. Section 3624(g)(3) specifically limits the amount of time credit that may be applied for this purpose. *See Davis*, No. 22-CV-2854, 2024 WL 209172, at *6 (finding no basis for granting additional credits toward supervised release). Consequently, McLean is not entitled to any further reduction in his sentence.

**B. Second Chance Act**

McClean's argument under the Second Chance Act likewise fails. The First Step Act reauthorized the Second Chance Act of 2007. *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, Title V (2018). But it did not provide the Court authority to modify a defendant's place of incarceration. "The decision whether – and, if so, for how long – to place an inmate in a residential reentry center ("RRC")—a halfway house—is committed to the BOP under statutory authority." *Brown v. Underwood*, No. 3:19-CV-1706-B-BN, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019), *recm. accepted*, 2019 WL 5579198 (Oct. 28, 2019) (citation omitted). And the First Step Act did not alter this statutory authority. *See id.*, 2019 WL 5580106, at *2. *See also United States v. Urso*, No. 03-CR-1382, 2019 WL 5423431, at *1 (E.D.N.Y. Oct. 23, 2019)

("[A]lthough [the First Step Act under] 18 U.S.C. § 3582(c)(1)(B) authorizes the court to modify a *term* of imprisonment, it does not authorize the court to alter the method of incarceration." (collecting cases)).

It therefore remains within the BOP's discretion to determine a petitioner's place of confinement and his eligibility for RRC placement. *See United States v. Zermeno*, No. 3:18-CR-593-M-1 (N.D. Tex. Apr. 27, 2020) (Lynn, CJ.); *see also United States v. Curry*, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have authority to grant the requested relief."). Indeed, even a recommendation by the sentencing court has no binding effect on the BOP in this regard. *See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] under this section to determine or change the place of imprisonment of that person.").

McLean's reply and supplemental response offer no relevant authority to the contrary. Doc. 10; Doc. 18. He cites only to § 3624(g)(3), which grants the BOP director, *not* the courts, the authority to transfer a prisoner to supervised release:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, *the Director of the Bureau of Prisons may transfer* the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3) (emphasis added).

### III. CONCLUSION

In sum, because McLean received 365 days of FSA time credit, he is statutorily ineligible for the further relief he seeks in this case. Accordingly, his habeas corpus petition under 28 U.S.C. § 2241 should be **DENIED**, and this action should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 26, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).